## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: AUTOMOTIVE BRAKE HOSES | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 2:16-cv-03601-MOB-MKM 2:16-cv-14245-MOB-MKM 2:19-cv-12720-MOB-MKM |

## MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOYODA GOSEI DEFENDANTS, FOR PROVISIONAL CERTIFICATION OF TOYODA GOSEI SETTLEMENT CLASS, AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER HITACHI METALS AND TOYODA GOSEI SETTLEMENT CLASSES

Direct Purchaser Plaintiff Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust ("Plaintiff") hereby moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement with Defendants Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Kentucky, LLC (collectively, "Toyoda Gosei"), for provisional certification of the Toyoda Gosei Settlement Class, and for authorization to disseminate notice of the proposed Toyoda Gosei settlement, the settlement with Hitachi Metals, Ltd. ("Hitachi Metals"), and related matters, to members of the Hitachi Metals and Toyoda Gosei Settlement Classes. In support of this motion, Plaintiff relies upon the accompanying memorandum of law, which is incorporated by reference herein.

The parties do not request a hearing for this motion. Counsel for the Hitachi Metals and Toyoda Gosei Defendants consent to this motion and to the entry of the proposed order

preliminarily approving the proposed Toyoda Gosei settlement, provisionally certifying the Toyoda Gosei settlement class, and authorizing dissemination of Notice.

DATED: December 23, 2019

Respectfully submitted,

/s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK BRESSACK
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

***Interim Liaison Counsel for the Direct Purchaser Plaintiff***

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
Two Commerce Square
2001 Market Street, Suite 3420
Philadelphia, PA  19103
Telephone: (215) 496-0300

***Interim Co-Lead Counsel for the Direct Purchaser Plaintiff***

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI** |
| **In Re: AUTOMOTIVE BRAKE HOSES** | |
| **THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS** | **2:16-cv-03601-MOB-MKM 2:16-cv-14245-MOB-MKM 2:19-cv-12720-MOB-MKM** |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOYODA GOSEI DEFENDANTS, PROVISIONAL CERTIFICATION OF TOYODA GOSEI SETTLEMENT CLASS, AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER <u>HITACHI METALS AND TOYODA GOSEI SETTLEMENT CLASSES</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES PRESENTED ............................................................ vii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............... viii

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ........................................................................................ 1

III.    TERMS OF THE TOYODA GOSEI SETTLEMENT AGREEMENT .......................... 2

        A.      The Proposed Settlement Class ....................................................... 3

        B.      The Settlement Amount ................................................................. 3

        C.      Release ........................................................................................ 4

        D.      Cooperation ................................................................................. 4

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
        WARRANTED ........................................................................................... 5

        A.      The Governing Standards. ............................................................ 5

        B.      The Proposed Settlement Provides Valuable Benefits to the Class. ..... 6

        C.      Consideration of the Final Approval Factors Supports Preliminary Approval of
                the Proposed Settlement. ............................................................... 7

                1.      The Class Representative and Class Counsel Have Adequately
                        Represented the Class and the Settlement Was Reached at
                        Arm's Length. ................................................................. 8

                2.      The Relief Provided to the Class is Adequate. ...................... 11

                        a.      The Costs, Risks, and Delay of Trial and Appeal. ........ 12

                        b.      The Effectiveness of Any Proposed Method of Distributing Relief
                                to the Class, Including the Method of Processing Class Member
                                Claims, if Required. ............................................. 14

                        c.      The Terms of Any Proposed Award of Attorney's Fees, Including
                                Timing of Payment. ............................................. 15

                        d.      There Are No Separate Agreements Relating to the Proposed
                                Settlement. ....................................................... 15

                3.      The Settlement Treats Class Members Equitably Relative to
                        Each Other. .................................................................... 16

                4.      The Settlement is Consistent with the Public Interest. ............ 16

V.      PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
        TOYODA GOSEI SETTLEMENT CLASS IS WARRANTED ................................. 17

        A.      The Proposed Toyoda Gosei Settlement Class Satisfies Rule 23(a) ...... 18

i

   1.  The Proposed Toyoda Gosei Settlement Class is Sufficiently Numerous. 18

   2.  There are Common Questions of Law and Fact. ...................................... 18

   3.  Plaintiff's Claims are Typical of Those of the Settlement Class. ............. 20

   4.  Plaintiff Will Fairly and Adequately Protect the Interests of the
     Settlement Class ..................................................................................... 20

  B.  Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement
    Purposes. ....................................................................................................... 21

   1.  Common Legal and Factual Questions Predominate ............................... 22

   2.  A Class Action is Superior to Other Methods of Adjudication. ............... 23

VI. THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE  CLASS
  COUNSEL TO DISSEMINATE NOTICE TO THE CLASSES .................................... 24

VII. PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL ............................ 26

VIII. CONCLUSION ................................................................................................... 28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................... 17, 22, 23
*Barry v. Corrigan*,
  79 F. Supp. 3d 712 (E.D. Mich. 2015) ........................................................... 19, 20
*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007)................................................................................ 22
*Berry v. Sch. Dist. of City of Benton Harbor*,
  184 F.R.D. 93 (W.D. Mich. 1998) ....................................................................... 11
*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981) ............................................................................................... 11
*Date v. Sony Electronics, Inc.*,
  2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)................................................ 14, 18, 20
*Dick v. Sprint Commc'ns*,
  297 F.R.D. 283 (W.D. Ky. 2014)............................................................................ 9
*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*,
  2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) .................................................. 19
*Ford v. Fed.-Mogul Corp.*,
  2015 WL 110340 (E.D. Mich. Jan. 7, 2015) .................................................. 12, 14
*Gautreaux v. Pierce*,
  690 F.2d 616 (7th Cir. 1982).................................................................................. 6
*Granada Invs. Inc. v. DWG Corp.*,
  962 F. 2d 1203 (6th Cir. 1992) ............................................................................ 16
*Griffin v. Flagstar Bancorp, Inc.*,
  2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)...........................................Passim
*Hadix v. Johnson*,
  322 F.3d 895 (6th Cir. 2003)................................................................................ 16
*Hillson v. Kelly Servs. Inc.*,
  2017 WL 279814 (E.D. Mich. 2017) .................................................................. 16
*Hoving v. Lawyers Title Ins. Co.*,
  256 F.R.D. 555 (E.D. Mich. 2009)....................................................................... 21
*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ............................................................................... 19
*In re Auto. Refinishing Paint Antitrust Litig.*,
  617 F. Supp. 2d. 336 (E.D. Pa. 2007) .................................................................. 10
*In re Automotive Parts Antitrust Litig.*,
  2017 WL 469734 (E.D. Mich. Jan. 4, 2017)......................................................... 5
*In re Automotive Parts Antitrust Litig.*, No. 12-md-02311,
  2016 WL 9280050 (E.D. Mich. Nov. 28, 2016) .................................................... 8
*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003)...............................................................Passim
*In re Cardizem CD Antitrust Litig.*,
  200 F.R.D. 297 (E.D. Mich. 2007)...................................................................... 23

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
2010 WL 3341200 (W.D. Ky. Aug. 23, 2010)............................................................ 9

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008)...................................................................... 6, 14

*In re Flat Glass Antitrust Litig.*,
191 F.R.D 472 (W.D. Pa. 1999)............................................................................ 19

*In re Flonase Antitrust Litig.*,
284 F.R.D. 207 (E.D. Pa. 2012) ........................................................................... 24

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y.2004)........................................................................... 10

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
194 F.R.D. 166 (E.D. Pa. 2000) ........................................................................... 15

*In re Linerboard Antitrust Litig.*,
292 F. Supp. 2d 631 (E.D. Pa. 2003) ................................................................ 6, 12

*In re NASDAQ Market-Makers Antitrust Litig.*,
169 F.R.D. 493 (S.D.N.Y 1996)........................................................................... 24

*In re Packaged Ice Antitrust Litig.*,
2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) .................................................. 5, 10

*In re Packaged Ice Antitrust Litig.*,
08-MD-1952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ..........................Passim

*In re Packaged Ice Antitrust Litig.*,
2011 WL 6209188 (E.D. Mich. Dec. 13, 2011)..................................................... 10

*In re Polyurethane Foam Antitrust Litig.*,
2015 WL 1639269 (N.D. Ohio Feb. 26, 2015), appeal dismissed ........................ 8, 9

*In re Scrap Metal Antitrust Litig.*,
527 F.3d 517 (6th Cir. 2008).......................................................................... 21, 22

*In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208,
2013 WL 2155379 (E.D. Tenn. May 17, 2013) .................................................... 10

*In re Southeastern Milk Antitrust Litig.*,
2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) .................................................... 22

*In re Telectronics Pacing Sys. Inc.*,,
137 F. Supp. 2d 985 (S.D. Ohio 2001).......................................................5, 6, 11, 13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013)................................................................... 18, 19, 20

*Ins. Brokerage Antitrust Litig.*,
297 F.R.D. 136 (E.D. Pa. 2013) ........................................................................... 24

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
2006 WL 1984363 (E.D. Mich. July 13, 2006)...................................................Passim

*IUE-CWA v. General Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006)....................................................................... 12

*Lessard v. City of Allen Park*,
372 F. Supp. 2d 1007 (E.D. Mich. 2005) ............................................................. 11

*Marsden v. Select Medical Corp.*,
246 F.R.D. 480 (E.D. Pa. 2007) ........................................................................... 18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ............................................................................................. 24

iv

*Olden v. Gardner*,
  294 Fed. Appx. 210 (6th Cir. 2008) ...................................................... 11
*Paper Systems Inc. v. Mitsubishi Corp.*,
  193 F.R.D. 601 (E.D. Wisc. 2000) ........................................................ 23
*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir. 1976) ................................................................ 20
*Sheick v. Auto. Component Carrier LLC*,
  2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ............................... 12, 14
*Sheick v. Automotive Component Carrier LLC*,
  2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ................................ 9, 20
*Sims v. Pfizer, Inc.*,
  2016 WL 772545 (E.D. Mich. Feb. 24, 2016) ....................................... 11
*Smith v. MCI Telecoms Corp.*,
  1993 WL 142006 (D. Kan. April 28, 1993) ........................................... 15
*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ..................................................... 18, 19, 20
*Thacker v. Chesapeake Appalachia, LLC*,
  259 F.R.D. 262 (E.D. Ky. 2009) ........................................................... 17
*UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ....................................................... 8, 20, 24
*Van Horn v. Trickey*,
  840 F.2d 604 (8th Cir. 1988) ................................................................ 11
*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) ..................................................... 11, 13, 14

**Rules**

Fed. R. Civ. P. 23 ...........................................................................Passim

Fed. R. Civ. P. 23(a) ............................................................... 17, 18, 21

Fed. R. Civ. P. 23(a)(1) .......................................................................... 18

Fed. R. Civ. P. 23(a)(2) ..................................................................... 18, 19

Fed. R. Civ. P. 23(a)(3) .......................................................................... 20

Fed. R. Civ. P. 23(a)(4) ..................................................................... 20, 21

Fed. R. Civ. P. 23(b) ......................................................................... 18, 21

Fed. R. Civ. P. 23(b)(3)....................................................................Passim

Fed. R. Civ. P. 23(c)(2)(B) .............................................................. 24, 25

Fed. R. Civ. P. 23(c)(3)........................................................................... 25

Fed. R. Civ. P. 23(e) ................................................................................. Passim

Fed. R. Civ. P. 23(e)(1) .................................................................................. 24

Fed. R. Civ. P. 23(e)(1)(A) ............................................................................... 5

Fed. R. Civ. P. 23(e)(1)(B) ......................................................................... 5, 17

Fed. R. Civ. P. 23(e)(2) ........................................................................ 5, 6, 7, 8

Fed. R. Civ. P. 23(e)(3) ..................................................................................... 8

Fed. R. Civ. P. 23(g) ........................................................................................ 21

## STATEMENT OF ISSUES PRESENTED

1. Whether the proposed settlement between Direct Purchaser Plaintiff Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust ("Plaintiff") and Defendants Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Kentucky, LLC (collectively, "Toyoda Gosei" or the "Toyoda Gosei Defendants"), as set forth in the Settlement Agreement between Plaintiff and Toyoda Gosei , is sufficiently fair, reasonable and adequate to warrant preliminary approval;

2. Whether the Court should provisionally certify a Toyoda Gosei Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the Toyoda Gosei settlement only;

3. Whether the Court should appoint Plaintiff as the representative for the proposed Toyoda Gosei Settlement Class, and the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. as Class Counsel for the proposed Toyoda Gosei Settlement Class ("Settlement Class Counsel").

4. Whether the Court should authorize the dissemination of notice to Settlement Class members, in the form and manner proposed herein, of: (a) the proposed settlement with Toyoda Gosei; (b) the proposed settlement with Defendant Hitachi Metals, Ltd. ("Hitachi Metals" or the "Hitachi Metals Defendant") (all Defendants referenced in this paragraph collectively, the "Settling Defendants"); and (c) Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses, and an incentive payment to the Class Representative.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497 (E.D. Mich. June 20, 2016)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

## I.    INTRODUCTION

Plaintiff, on behalf of a Settlement Class comprised of direct purchasers of Automotive Brake Hoses in the United States, has reached a settlement with Toyoda Gosei. Under the terms of the proposed settlement, Toyoda Gosei will pay $2,266,667.[1] To the extent necessary, Toyoda Gosei has also agreed to provide cooperation to assist Plaintiff in the prosecution of this litigation.

Plaintiff respectfully moves this Court for an Order preliminarily approving the proposed settlement with Toyoda Gosei and provisionally certifying the Toyoda Gosei Settlement Class. Plaintiff also moves the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order authorizing the dissemination of notice to the Hitachi Metals and Toyoda Gosei Settlement Classes about the proposed settlements with those Defendants, and Class Counsel's request for an award of attorneys' fees and litigation expenses, and an incentive award for the Plaintiff.

## II.    BACKGROUND

On October 31, 2014, the Department of Justice announced that Hitachi Metals had agreed to plead guilty for fixing prices of Automotive Brake Hoses[2] and to pay a $1.25 million criminal fine. Hitachi Metals' guilty plea did not identify with whom Hitachi Metals had conspired to fix prices. In December 2016, Plaintiff filed a class action complaint against Hitachi Metals on behalf of a class of direct purchasers of Automotive Brake Hoses.[3] The complaint alleged that Hitachi

---

[1] As discussed in Section III. B of this Memorandum, the Toyoda Gosei Settlement Agreement is subject to reduction (but shall in no event be less than $950,000), based upon valid and timely requests for exclusion by members of the Toyoda Gosei Settlement Class.

[2] "Automotive Brake Hoses" refers to flexible hoses that carry brake fluid through the hydraulic brake system of motor vehicles.

[3] *Emerald Capital Advisors Corporation, Trustee for the FAH Liquidating Trust v. Hitachi Metals, Ltd.*, 2:16-cv-14245-JCO-SDD, ECF No. 1 (E.D. Mich. Dec. 5, 2016).

Metals entered into a conspiracy to suppress and eliminate competition for Automotive Brake Hoses by agreeing to rig bids for, and to raise, fix, stabilize, and/or maintain the prices of Automotive Brake Hoses, in violation of federal antitrust laws, and that as a result of the conspiracy, Plaintiff and other direct purchasers of Automotive Brake Hoses were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct. Plaintiff seeks recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.[4]

On August 28, 2017, Plaintiff reached a proposed settlement with Hitachi Metals.  The Court preliminarily approved the Hitachi Metals settlement on September 29, 2017, and also certified a proposed settlement class of direct purchasers of Automotive Brake Hoses pursuant to Fed. R. Civ. P. 23(b)(3). (2:16-cv-03601, ECF No. 6; 2:16-cv-14245, ECF No. 21).

## III.    TERMS OF THE TOYODA GOSEI SETTLEMENT AGREEMENT

After months of negotiations, Plaintiff reached a settlement with Toyoda Gosei on September 20, 2019. The Settlement Agreement (attached as Exhibit 1) was executed after arm's-length and good-faith negotiations between experienced and sophisticated counsel. During the negotiations, the merits of the respective parties' positions were discussed and evaluated. As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information provided to them by Defendants, relevant industry data, information disclosed in the related criminal litigation, and other pertinent information.

The settlement with Toyoda Gosei is the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and is based upon the attorneys'

---

[4] On September 17, 2019, Plaintiff filed a similar class action complaint against Toyoda Gosei, *In Re: Automotive Brake Hoses*, 2:19-cv-12720-LVP-MJH, ECF No. 1 (E.D. Mich. Sept. 17, 2019).

full understanding of the strengths and weaknesses of their claims and defenses and their clients'

respective positions. Plaintiff believes that the proposed settlement is fair, reasonable and adequate

for the proposed Settlement Class.

The material terms of the proposed settlement are summarized below.

### A.    The Proposed Settlement Class

Plaintiff and Toyoda Gosei seek certification of the Toyoda Gosei Settlement Class, which

is defined as follows:

> All individuals and entities who purchased Automotive Brake Hoses
> in the United States directly from Defendants (or their subsidiaries
> or affiliates) from November 1, 2005 through August 28, 2017
> ("Settlement Class Period"). Excluded from the Settlement Class are
> Defendants, their present and former parent companies, subsidiaries,
> and affiliates, federal governmental entities and instrumentalities of
> the federal government, and states and their subdivisions, agencies
> and instrumentalities.

Exhibit 1 at ¶ 9.

For purposes of the proposed Settlement Class definition, the following entities are

Defendants: Toyoda Gosei Co., Ltd.; Toyoda Gosei North America Corp.; and TG Kentucky, LLC.

### B.    The Settlement Amount

The Settlement Amount is $2,266,667.[5] Toyoda Gosei will pay the settlement funds into

an interest-bearing escrow account. Exhibit 1 at ¶ 12.[6]

---

[5] In accordance with the terms set forth in a confidential letter agreement between Toyoda
Gosei and the Settlement Class, the Settlement Agreement is subject to reduction (but shall in no
event be less than $950,000) based upon valid and timely requests for exclusion by members of
the Toyoda Gosei Settlement Class. The confidential letter will be provided to the Court for *in
camera* review upon its request. Exhibit 1 at ¶ 27.

[6] Toyoda Gosei's sales to members of the proposed Settlement Class remain in the case as
a potential basis for joint and several liability and damages against the other Defendants and co-
conspirators. Exhibit 1 at ¶ 50.

### C.    Release

The Settlement Agreement provides for the release by Plaintiff and the other members of the Settlement Class of certain claims against Toyoda Gosei and other "Releasees" (as defined in the Settlement Agreement) concerning any conduct alleged in the Complaint and/or any act or omission relating to Automotive Brake Hoses that were purchased in the United States directly from a Defendant.

The release specifically excludes certain claims against Toyoda Gosei, including claims based upon indirect purchases of Automotive Brake Hoses; claims based on negligence, personal injury, or product defects; claims relating to purchases of Automotive Brake Hoses outside the United States; and claims concerning any product other than Automotive Brake Hoses. Exhibit 1 at ¶ 21.

### D.    Cooperation

Toyoda Gosei has agreed to provide certain cooperation, to the extent such cooperation is needed.[7] For example, Toyoda Gosei has agreed to assist Plaintiff in the prosecution of this litigation by providing the following types of cooperation: (a) the production of documents, data and other information potentially relevant to Plaintiff's claims; (b) assistance in understanding information produced to Plaintiff and facilitating the use of such information at trial; (c) attorney proffers; (d) witness interviews; (e) depositions; (f) declarations or affidavits; and (g) trial testimony. Exhibit 1 at ¶¶ 33-44.

---

[7] If the Court preliminarily approves the settlement with Toyoda Gosei and subsequently enters an order granting final approval to both the Hitachi Metals and Toyoda Gosei settlements, then the Direct Purchaser Automotive Brake Hoses litigation will be fully resolved, thereby rendering Toyoda Gosei's cooperation unnecessary.

## IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED

### A.    The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001)). *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

The 2018 amendments to Rule 23 codified the preliminary approval process. First, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice "is justified by the parties' showing that the court will likely be able to: (1) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The amended Rule 23(e) preliminary approval procedure is substantively the same as that previously approved in the Sixth Circuit and applied by this Court in prior *Auto Parts Litigation* settlements, namely a preliminary two-part determination that (1) the settlement is approvable and (2) the settlement class can be certified. *See, e.g.*, *In re Automotive Parts Antitrust Litig. (Wire Harness Cases),* 2017 WL 469734, at *1 (E.D. Mich. Jan. 4, 2017) (granting preliminary approval upon making preliminary determinations that the settlement was approvable and a settlement class could be certified); *Packaged Ice*, 2010 WL 3070161 at *4 (determining "whether the proposed settlement has the 'potential' for final approval and … whether there is reason enough to notify

5

class members and to proceed with a fairness hearing") (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)).

The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. at 1026. "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that it will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). The final determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

**B.    The Proposed Settlement Provides Valuable Benefits to the Class.**

The settlement provides for a cash payment by Toyoda Gosei of $2,266,667. The settlement amount constitutes a meaningful recovery and reflects consideration of information obtained through Settlement Class Counsel's factual investigation and legal analysis. While the

cash component of the settlement is certainly the primary benefit to the proposed Toyoda Gosei Settlement Class, Toyoda Gosei's agreement to provide cooperation, if needed, provides a potential benefit as well. *See, e.g.*, *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11 ("Of great importance in the Court's assessment is the provision in the Settlements requiring discovery cooperation of certain Settling Defendants.").

### C.   Consideration of the Final Approval Factors Supports Preliminary Approval of the Proposed Settlement.

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and finding that the settlement is "fair, reasonable, and adequate." *See In re Packaged Ice Antitrust Litig.*, No. 08-MD-1952, 2011 WL 717519, at *8 (E.D. Mich. Feb. 22, 2011). As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed settlement, only that it is likely that it would. Here, initial consideration of the final approval factors supports preliminary approval of the settlement.

The 2018 amendments to Rule 23(e) sets forth a list of factors for a court to consider before approving a proposed settlement as "fair, reasonable, and adequate." The factors are whether:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account:

   (i)   the costs, risks, and delay of trial and appeal;

   (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

7

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Historically, courts in the Sixth Circuit have considered factors comparable to those in Rule 23(e)(2) in determining whether a settlement is approvable. *See In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2016 WL 9280050, at *5 (E.D. Mich. Nov. 28, 2016) (considering "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest"). *Accord UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ; *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015). The Advisory Committee Notes to Rule 23 acknowledge these judicially created standards, explaining that the newly enumerated Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. Fed. R. Civ. P. 23 advisory committee note (2018 Amendment).

Accordingly, Plaintiff will address the "fair, reasonable and adequate" factors under Rule 23(e)(2) and the Sixth Circuit's and this Court's prior preliminary approval decisions. A review of the factors supports preliminary approval of the Toyoda Gosei settlement.

## 1. The Class Representative and Class Counsel Have Adequately Represented the Class and the Settlement Was Reached at Arm's Length.

The first two factors of Rule 23(e)(2) (adequate representation by the class representative and class counsel and whether the settlement was reached at arm's length) are procedural and focus

8

on the history and conduct of the litigation and settlement negotiations. Fed. R. Civ. P. 23 Advisory Committee Note. Relevant considerations may include the experience and expertise of plaintiff's counsel, the quantum of information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, whether attorney's fees were negotiated with the defendant and if so how they were negotiated and their amount, and other factors that may demonstrate the fairness of the negotiations. *Id.*

The Plaintiff and Settlement Class Counsel have adequately represented the Proposed Settlement Class in connection with the Toyoda Gosei settlement, and the litigation in general. The Plaintiff's interests are the same as those of the Settlement Class members, and Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation*, and negotiated this settlement at arm's length with well-respected and experienced counsel for Toyoda Gosei. There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26;  *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *19-20 (E.D. Mich. Aug. 02, 2010). Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach*

*Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d. 336, 341 (E.D. Pa. 2007).

The negotiations that led to the settlement were at all times conducted at arm's length and took months to complete. Although there has been no formal discovery in this action, relevant information about the Automotive Brake Hoses conspiracy was obtained from Defendants and through Settlement Class Counsel's investigation.[8] This information and Settlement Class Counsel's legal analysis allowed Settlement Class Counsel to effectively evaluate the strengths and weaknesses of the case. Based on this information, Settlement Class Counsel believe that the proposed settlement with Toyoda Gosei is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports both preliminary (and final) approval of the settlement.[9]

Because the proposed settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law, consideration of this factor fully supports preliminary approval of the settlement.

---

[8] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)). *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

[9] There was no negotiation of attorney's fees. At an appropriate time, Plaintiff's counsel will file a motion seeking an award attorney's fees and expenses, and an incentive award for the Plaintiff.

10

## 2.   The Relief Provided to the Class is Adequate.

The relief provided to the class consists of a cash payment by Toyoda Gosei of $2,266,677 together with potential cooperation. Settlement Class Counsel believe that the cash component alone is adequate relief for the Settlement Class.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998).

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013)). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983)); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than

11

pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

### a. The Costs, Risks, and Delay of Trial and Appeal.

When considering the adequacy of the relief to the class in determining the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick*, 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp*., 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp*., No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015). These risks must be weighed against the settlement consideration: here the certainty of a cash payment of $2,266,667 plus potential cooperation, which is valuable to the Settlement Class members if they need to litigate against any remaining Defendant. *See Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643).

Settlement Class Counsel believe that the settlement is an excellent result. Weighing the settlement's benefits against the risks and costs of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9. Plaintiff is optimistic about the likelihood of ultimate success in this case, but success is not certain. While Toyoda Gosei has not pleaded guilty in any criminal proceeding in the United States with respect to Automotive Brake Hoses, as this Court has previously noted, success in a related civil action is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice. That is because, among other things, the DOJ is

not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, and the outcome of litigating those issues is uncertain. *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11.

Toyoda Gosei is represented by highly experienced and competent counsel. Toyoda Gosei undoubtedly would deny Plaintiff's allegations of liability and damages and assert a number of defenses, and Plaintiff believes Toyoda Gosei is prepared to defend this case through trial and appeal. Risk is inherent in any litigation, and this is particularly true with respect to class actions. So, while optimistic about the outcome of this litigation, Plaintiff must acknowledge the risk that Toyoda Gosei could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (quoting *Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. 2d at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

As the case is still ongoing until final approval is granted, it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiff going forward if final approval is not granted. Settlement Class Counsel believe that at this point it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation* and negotiated this settlement at arm's length with well-respected and experienced counsel for Toyoda Gosei. Settlement Class Counsel believe that the proposed settlement eliminates the risks, expense and delay with respect to a recovery from Toyoda Gosei, ensures a substantial payment to the Settlement Class. This factor also supports preliminary approval of the proposed settlement.

> **b. The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims, if Required.**

This case does not present any difficulties in identifying claimants or distributing settlement proceeds. Consistent with the practice in previously approved *Automotive Parts Antitrust Litigation* direct purchaser settlements, Settlement Class Counsel presently intend to propose that the net settlement funds be distributed pro rata to approved claimants. Claims will be processed using a settlement claims administrator to review claim forms, to assist Settlement Class

Counsel in making recommendations to the Court concerning the disposition of those claims, and to mail checks to approved claimants for their pro-rata shares of the net settlement funds.

As a general rule, a plan of allocation that reimburses class members based on the type and extent of their injuries is a reasonable one. *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000); *Smith v. MCI Telecoms Corp.*, No. Civ. A. 87-2110-EEO, 1993 WL 142006, at *2 (D. Kan. April 28, 1993); 4 Alba Conte & Herbert Newberg, Newberg on Class Actions, §12.35, at 350 (4th ed. 2002) ("Newberg") (noting that pro-rata allocation of a settlement fund "is the most common type of apportionment of lump sum settlement proceeds for a class of purchasers" and "has been accepted and used in allocating and distributing settlement proceeds in many antitrust class actions"). This Court, and numerous others, have approved similar pro-rata distribution plans. *See, e.g.,* 2:12-cv-00601, ECF No. 172; 2:12-cv-00101, ECF No. 572; 2:13-cv-01001, ECF No. 61). This factor supports preliminary approval.

### c. The Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment.

The Settlement Agreement provides that attorney's fees shall be paid solely out of the settlement funds subject to court approval, and that final approval of the settlement is not contingent on the outcome of any petition for attorney's fees. Exhibit 1 at ¶ 32. Settlement Class Counsel intend to seek attorney's fees of approximately 30% of the settlement funds, consistent with previous fee petitions and awards approved by this Court in the *Automotive Parts Antitrust Litigation.* This factor supports preliminary approval.

### d. There Are No Separate Agreements Relating to the Proposed Settlement.

The Settlement Agreement and confidential letter referenced above reflect all of the agreements and understandings relating to the proposed settlement, and there is no separate

agreement that would affect the settlement amount, the eligibility of class members to participate in the settlement or exclude themselves from it, or the treatment of class member claims. This factor is therefore neutral.

### 3. The Settlement Treats Class Members Equitably Relative to Each Other.

Class members will be treated equitably relative to each other in terms of their eligibility for a pro-rata portion of the settlement funds and their right to opt-out. Likewise, each class member gives the same releases.

The Agreement does contemplate that Settlement Class Counsel may seek an incentive award for the class representative, as has been done in other cases. Such awards are justified as an incentive and reward for the efforts that lead plaintiffs take on behalf of the class. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). The settlement was provided to the class representative for its review and approval without any discussion of incentive awards, which evinces that the prospect of such an award was not the reason the representative plaintiff approved it. *Hillson v. Kelly Servs. Inc.*, 2017 WL 279814, at *6 (E.D. Mich. 2017). Plaintiff submits that this factor supports preliminary approval.

### 4. The Settlement is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiff submits that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

16

Consideration of the above factors supports preliminary approval of the proposed Toyoda Gosei settlement. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be preliminarily approved.

## V.   PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER TOYODA GOSEI SETTLEMENT CLASS IS WARRANTED

Rule 23 as amended now explicitly requires the Court to determine whether it is likely to be able to certify the proposed settlement class for purposes of judgment on the settlement proposal. Fed. R. Civ. P. 23(e)(1)(B). It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 24. At this juncture, the Court need only decide that certification of the proposed Toyoda Gosei Settlement Class is "likely" in order to justify sending notice to Settlement Class members. Plaintiff will later seek final approval of the Settlement Class for purposes of the settlement. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17. As it did with its preliminary approval analysis, Plaintiff will address the factors for final certification here. *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[10]

As demonstrated below, the Settlement Class meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes, and therefore it is likely that the Court will be able to certify the proposed Toyoda Gosei Settlement Class.

---

[10] Paragraph 22 of the proposed Toyoda Gosei Preliminary Approval Order provides that provisional certification of the Settlement Class will be without prejudice to the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

A.      **The Proposed Toyoda Gosei Settlement Class Satisfies Rule 23(a).**

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5; *Date,* 2013 WL 3945981, at *3.

1.      **The Proposed Toyoda Gosei Settlement Class is Sufficiently Numerous.**

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that a "substantial" number of class members satisfies numerosity). Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are numerous direct purchasers of Automotive Brake Hoses, geographically dispersed throughout the United States. Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

2.      **There are Common Questions of Law and Fact.**

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." "We start from the premise that there need be only one common

18

question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Automotive Brake Hoses is a factual question common to all members of the Settlement Class because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 25. Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws and the impact on Class members. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

19

### 3.      Plaintiff's Claims are Typical of Those of the Settlement Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at *19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399). Here, Plaintiff's claims arise from the same course of conduct as the claims of the other members of the proposed Settlement Class, namely, the Defendants' alleged violations of the antitrust laws. Plaintiff and the Settlement Class are proceeding on the same legal claim and same alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4.      Plaintiff Will Fairly and Adequately Protect the Interests of the Settlement Class.

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick*, 2010 WL 3070130, at *3 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed representative of the Toyoda Gosei, Plaintiff Emerald Capital Advisors Corporation, are aligned with those of other Settlement Class members. Plaintiff is a direct purchaser of Automotive Brake Hoses from one or

more of the Defendants in the United States. Plaintiff and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy and seek to prove that Defendants violated the antitrust laws. Plaintiff's interests are thus aligned with those of the Toyoda Gosei Settlement Class.

Moreover, Plaintiff has retained qualified and experienced counsel to pursue this action.[11] Settlement Class Counsel vigorously represented Plaintiff and the Settlement Class in the settlement negotiations with the Settling Defendants and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

## B. Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.

In addition to satisfying Rule 23(a), Plaintiff must show that the putative class falls under at least one of the three subsections of Rule 23(b). Here, the Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "[1] questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… [2] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

---

[11] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class. The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* direct purchaser cases. They submit that, for the same reasons that the Court appointed them to those positions, their appointment as Co-Lead Settlement Class Counsel is appropriate.

### 1.     Common Legal and Factual Questions Predominate.

The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623. The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 27; *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010). Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'…. Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied." 527 F.3d at 535 (emphasis in original).

In this case the same core set of operative facts and theory of liability apply across the Settlement Class. As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Automotive Brake Hoses is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects. *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6. If Plaintiff and the other members of the Settlement Class were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in

order to establish liability. Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.    A Class Action is Superior to Other Methods of Adjudication.

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Automotive Brake Hoses litigation has been centralized in this Court. If a Settlement Class member wants to control its own litigation, it can request exclusion from the Settlement Class.[12] Thus, consideration of factors (1) - (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the settlement will end the litigation without a trial. *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own." *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)). Moreover, by proceeding as a class action, both judicial and private resources will

---

[12] Any potential Settlement Class Member who requests exclusion from the Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements related to other Defendants in the Action.

be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all Settlement Class members. *See, e.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury."). The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## VI.   THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE CLASS COUNSEL TO DISSEMINATE NOTICE TO THE CLASSES

The 2018 amendments to Federal Rule of Civil Procedure 23 provide that, "upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3) [ ] the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23 (e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). *Accord In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 151 (E.D. Pa. 2013). In addition, the "notice must clearly and concisely state in plain, easily understood language:" (1) the nature of the action; (2)

the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who validly requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

The notice program and forms of notice proposed by Direct Purchaser Plaintiff satisfies these requirements. The proposed Notice of Proposed Settlements of Direct Purchaser Class Action with the Hitachi Metals and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form ("Notice") (attached as Exhibit 2) sets forth all information required by Rule 23(c)(2)(B) and 23(e)(1), and also apprises Settlement Class members that Settlement Class Counsel will propose a plan of distribution of the settlement proceeds[13] and seek an award of attorneys' fees and expenses, and an incentive payment for the Class Representative. The Notice will be disseminated by first class mail, postage prepaid, to all entities identified by Defendants as potential Settlement Class members. The Notice will also be provided to all persons who request it in response to the Summary Notice or the Press Release. In addition, a copy of the Notice will be posted on the website dedicated to this litigation.

The Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the Hitachi Metals and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters ("Summary Notice") (attached as Exhibit 3) will be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the

---

[13] As noted above, Settlement Class Counsel will propose that Settlement Class members receive a *pro rata* share of the settlement proceeds based upon their Automotive Brake Hoses purchases during the Class Period. Details of the plan of distribution are set forth in the proposed Notice. A Proof of Claim Form will be sent to Settlement Class members along with the Notice.

notice program further, an Informational Press Release (the "Press Release") (attached as Exhibit 4) will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.[14]

Plaintiff believes that the content of the Notice, Summary Notice, online banner notice, and Press Release, and the proposed method for their dissemination, fulfill the requirements of Rule 23 and due process. *See Packaged Ice,* 2011 WL 717519 at *5. Accordingly, approval of the notice program is appropriate.

## VII.    PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL

Plaintiff proposes the following schedule for disseminating notice of the Hitachi Metals and Toyoda Gosei settlements, and related matters:

1.      Within twenty (20) days of the date of entry of the Notice Order, the Notice shall be mailed by first class mail, postage prepaid, to all potential members of the Hitachi Metals and Toyoda Gosei Settlement Classes identified by Defendants, and shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation;

2.      Within thirty (30) days of the date of entry of the Notice Order, the Summary Notice shall be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*.  To supplement the notice program further, the Press Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications;

---

[14] These proposed forms of notice and timeline for the notice program are substantially similar to those approved by the Court in other auto parts cases, including *Air Conditioning Systems* (2:13-cv-02701, ECF No. 168), *Power Window Motors* (2:13-cv-02301, ECF No. 79), *Windshield Washer Systems* (2:13-cv-02801, ECF No. 109), and *Windshield Wiper Systems* (2:13-cv-00901, ECF No. 116).

3.      Within fifty (50) days from the date of entry of the Notice Order, Settlement Class Counsel shall file with the Court their motion or motions seeking final approval of the proposed settlements with the Hitachi Metals and Toyoda Gosei Defendants and an award of attorney's fees and expenses;

4.      All requests for exclusion from any of the Hitachi Metals and Toyoda Gosei Settlement Classes must be in writing, postmarked no later than seventy (70) days from the date of entry of the Notice Order and must otherwise comply with the requirements set forth in the Notice;

5.      Any potential Settlement Class Member who requests exclusion from the Hitachi Metals or Toyoda Gosei Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

6.      All objections by any member of the Hitachi Metals and Toyoda Gosei Settlement Classes to any of those proposed settlements, to the proposed plan of distribution, the requests for attorney's fees and expenses, or to an incentive payment to the Class Representative must be in writing, must be filed with the Clerk of Court and postmarked no later than seventy (70) days from the date of the Notice Order, and must otherwise comply with the instructions set forth in the Notice;

7.      At least ten (10) days before the date fixed by the Court for the fairness hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with the Notice Order; and

8.     The fairness hearing on final approval of the proposed settlements and related matters shall be scheduled at the Court's convenience on a date on or after one hundred and five (105) days from the date of entry of the Notice Order.

The foregoing deadlines are substantially similar to those approved by the Court in connection with final approval of prior settlements in the *Automotive Parts Antitrust Litigation.*

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Toyoda Gosei settlement, provisionally certify the proposed Toyoda Gosei Settlement Class, and authorize the dissemination of notice to members of the Hitachi Metals and Toyoda Gosei Settlement Classes.

DATED: December 23, 2019                     Respectfully submitted,


                                             /s/David H. Fink
                                             David H. Fink (P28235)
                                             Darryl Bressack (P67820)
                                             Nathan J. Fink (P75185)
                                             FINK BRESSACK
                                             38500 Woodward Ave; Suite 350
                                             Bloomfield Hills, MI 48304
                                             Telephone: (248) 971-2500

                                             *Interim Liaison Counsel for the Direct*
                                             *Purchaser Plaintiff*



Steven A. Kanner                     Joseph C. Kohn
William H. London                    William E. Hoese
Michael E. Moskovitz                 Douglas A. Abrahams
FREED KANNER LONDON                  KOHN, SWIFT & GRAF, P.C.
  & MILLEN LLC                       1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130        Philadelphia, PA  19103
Bannockburn, IL  60015               Telephone: (215) 238-1700
Telephone: (224) 632-4500

28

Gregory P. Hansel  
Randall B. Weill  
Michael S. Smith  
PRETI, FLAHERTY, BELIVEAU  
   & PACHIOS LLP  
One City Center, P.O. Box 9546  
Portland, ME  04112-9546  
Telephone: (207) 791-3000

Eugene A. Spector  
William G. Caldes  
Jeffrey L. Spector  
SPECTOR ROSEMAN & KODROFF, P.C.  
Two Commerce Square  
2001 Market Street, Suite 3420  
Philadelphia, PA  19103  
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2019, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK BRESSACK

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkbressack.com

30