# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |
| In Re: AUTOMOTIVE BRAKE HOSES | |
| THIS RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 2:16-cv-03601-MOB-MKM<br><br>2:19-cv-12720 |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement") is made and entered into this 20th day of September 2019 ("Execution Date") by and between Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Kentucky, LLC (collectively, "Toyoda Gosei"), and Direct Purchaser Plaintiff, both individually and on behalf of a class of direct purchasers of Automotive Brake Hoses (the "Settlement Class"), as more particularly defined in Paragraph 9.

WHEREAS, Direct Purchaser Plaintiff is prosecuting the above *In Re Automotive Parts Litigation,* Master File No. 12-md-02311 (E.D. Mich.) (the "MDL Litigation"), and the *Automotive Brake Hoses Cases,* Case No. 2:16-cv-03601 (E.D. Mich.), *Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust v. Toyoda Gosei Co., Ltd., et al.,* 2:19-cv-12720 (E.D. Mich.) (the "Action") on its own behalf and on behalf of the Settlement Class against, among others, Toyoda Gosei;

WHEREAS, Direct Purchaser Plaintiff alleges that it was injured as a result of Toyoda Gosei's participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Automotive Brake Hoses (as defined below) in violation of Section 1 of the Sherman Act, as set forth in Direct Purchaser Plaintiff's Complaint filed in the Action (2:19-cv-12720) ("Complaint");

WHEREAS, Toyoda Gosei denies Direct Purchaser Plaintiff's allegations and has asserted defenses to Direct Purchaser Plaintiff's claims;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Toyoda Gosei and this Agreement has been reached as a result of those negotiations;

WHEREAS, Direct Purchaser Plaintiff, through its counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against Toyoda Gosei, according to the terms set forth below, is in the best interest of the Direct Purchaser Plaintiff and the Settlement Class because of the payment of the Settlement Amount and the value of the Cooperation (as those terms are defined below) that Toyoda Gosei has agreed to provide pursuant to this Agreement;

WHEREAS, the Action will continue against Defendants (as defined below) that are not Releasees (as defined below);

WHEREAS, Toyoda Gosei, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment

2

contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Toyoda Gosei with respect to Automotive Brake Hoses based on the allegations in the Action, as more particularly set out below;

WHEREAS, Toyoda Gosei has agreed to provide Cooperation to Direct Purchaser Plaintiff in the ongoing prosecution of claims in the MDL Litigation relating to Automotive Brake Hoses as set forth in this Agreement, and such Cooperation will reduce Direct Purchaser Plaintiff's substantial burden and expense associated with prosecuting such claims:

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and, except as hereinafter provided, without costs as to Direct Purchaser Plaintiff, the Settlement Class, or Toyoda Gosei, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "Cooperation" refers to those provisions set forth below in Section F.

2.    "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Toyoda Gosei under the terms of this Agreement.

3.    "Defendant" means, for purposes of this Settlement Agreement only, any one or more of the following: Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp. and TG Kentucky, LLC.

3

4. "Direct Purchaser Plaintiff" means the Settlement Class Member, as defined in Paragraph 11, below, who is the named plaintiff in the Complaint.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term. For purposes of this Agreement, Document shall include all English translations in Toyoda Gosei's custody, possession or control as of the Execution Date of this Agreement.

6. *"Execution Date"* means September 20, 2019.

7. "Releasees" shall refer to Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Kentucky, LLC, their parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, and their respective past and present officers, directors and employees. Releasees does not include any Defendant in the MDL Litigation other than Toyoda Gosei.

8. "Releasors" shall refer to Direct Purchaser Plaintiff and the Settlement Class Members, as well as each of their parents, subsidiaries, affiliates, divisions, predecessors, and successors, and their respective past and present officers, directors and employees.

9. For purposes of this Agreement, the "Settlement Class" is defined as:

> All individuals and entities who purchased Automotive Brake Hoses in the United States directly from Defendants (or their subsidiaries or affiliates) from November 1, 2005 through August 28, 2017 ("Settlement Class Period"). Excluded from the Settlement Class are Defendants, their

> present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

10. "Settlement Class Counsel" shall refer to the following law firms: Freed Kanner London & Millen LLC, 2201 Waukegan Road, Suite 130, Bannockburn, IL 60015; Kohn, Swift & Graf, P.C., 1600 Market Street, Suite 2500, Philadelphia, PA 19103; Preti, Flaherty, Beliveau & Pachios, LLP, One City Center, Portland, ME 04101; and Spector Roseman & Kodroff, P.C., 2001 Market Street, Suite 3420, Philadelphia, PA 19103.

11. "Settlement Class Member" means each member of the Settlement Class who has not validly elected to be excluded from the Settlement Class.

12. "Settlement Amount" shall be US $2,266,667 as specified in Paragraph 24. The Settlement Amount is subject to reduction based on valid requests for exclusion as set forth in Paragraph 27.

13. "Settlement Fund" shall be the Settlement Amount plus accrued interest on said amount as set forth in Paragraph 25.

14. "Automotive Brake Hoses" means flexible hoses that carry brake fluid through the hydraulic brake system of motor vehicles.

B. Approval of this Agreement and Dismissal of Claims Against Toyoda Gosei.

15. Direct Purchaser Plaintiff and Toyoda Gosei shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of

the Action as to the Releasees only.

16.     Direct Purchaser Plaintiff shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Motion"). The Motion shall include the proposed form of an order preliminarily approving this Agreement. Before submission, Toyoda Gosei shall have a reasonable opportunity to review and comment on the Motion and proposed order, and Direct Purchaser Plaintiff shall reasonably consider Toyoda Gosei's comments.

17.     Direct Purchaser Plaintiff, at a time to be decided in its sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to the Settlement Class (the "Notice Motion"). The Notice Motion shall include a proposed form of, method for, and proposed dates of dissemination of notice. Before submission, Toyoda Gosei shall have a reasonable opportunity to review and comment on the Notice Motion, and Direct Purchaser Plaintiff shall reasonably consider Toyoda Gosei's comments.

18.     Direct Purchaser Plaintiff shall seek the entry of an order and final judgment, the text of which Direct Purchaser Plaintiff and Toyoda Gosei shall agree upon, and such agreement will not be unreasonably withheld. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class described in Paragraph 9 pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement class;

(b)     as to the Action, approving finally this settlement and its terms as being a

fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)     as to Toyoda Gosei, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d)     reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, as well as over Toyoda Gosei, for the duration of its provision of Cooperation pursuant to this Agreement, to the United States District Court for the Eastern District of Michigan;

(e)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Toyoda Gosei shall be final; and

(f)     providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including Toyoda Gosei, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in this order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion.

19.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Class described in Paragraph 9 and approving this

Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Toyoda Gosei and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Toyoda Gosei described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Toyoda Gosei have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Direct Purchaser Plaintiff and Toyoda Gosei have executed this Agreement, Direct Purchaser Plaintiff and Toyoda Gosei shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraph 45 of this Agreement.

20.     Neither this Agreement (whether or not it becomes final) nor the final judgment, nor any negotiations, documents and discussions associated with them shall be deemed or construed to be an admission by Toyoda Gosei, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Toyoda Gosei, or used against Toyoda Gosei as evidence of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, arbitration, or other proceeding, against Toyoda Gosei. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other

8

action taken to carry out this Agreement by Toyoda Gosei, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law. Nothing in this Paragraph shall prevent Direct Purchaser Plaintiff from using and/or introducing into evidence Cooperation Materials produced pursuant to the provisions of Section F, against any other Defendants in the MDL Litigation, 12-md-02311.

C.     Release, Discharge, and Covenant Not to Sue.

21.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 19 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 24 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) under any federal, state or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising

out of or relating in any way to any conduct prior to the Execution Date alleged in the Complaint or any act or omission of the Releasees (or any of them) prior to the Execution Date alleged in the Complaint concerning price fixing, bid rigging, or market or customer allocation of Automotive Brake Hoses including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaints filed in the Action (the "Released Claims"), provided however, that nothing herein shall release: (1) any claims based on indirect purchases of Automotive Brake Hoses; (2) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, breach of product warranty, securities, or similar claim relating to Automotive Brake Hoses; (3) claims brought outside the United States relating to purchases of Automotive Brake Hoses outside the United States; (4) claims brought under laws other than those of the United States relating to purchases of Automotive Brake Hoses outside the United States; and (5) claims concerning any product other than Automotive Brake Hoses. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless the Agreement, for any reason, does not become final, or is rescinded or otherwise fails to become effective.

22.    In addition to the provisions of Paragraph 21 of this Agreement, Releasors hereby expressly waive and release, solely with respect to the Released Claims, upon this Agreement becoming final, as set out in Paragraph 19, any and all provisions, rights, and benefits, as to their claims concerning Automotive Brake Hoses, conferred by § 1542 of the California Civil Code, which states:

CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are released pursuant to the provisions of Paragraph 21 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Toyoda Gosei and Direct Purchaser Plaintiff have agreed to release pursuant to Paragraph 21, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

23.     Toyoda Gosei and the other Releasees release any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims (as set forth in Paragraph 22), that have been or could have been asserted in the Action or in any other action or proceeding by Toyoda Gosei or the Releasees or any of them or the successors and assigns of any of them against the Direct Purchaser Plaintiff, any Settlement Class Member, or their attorneys, which arise out of or relate to the institution, prosecution, or settlement of the Action (except for claims to enforce the terms

11

of the Agreement).

D.     Settlement Amount.

24.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Toyoda Gosei shall pay the Settlement Amount. The Settlement Amount, subject to the adjustments outlined in the confidential letter between Toyoda Gosei and the Settlement Class, shall be paid by wire transfer into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 25 of this Agreement (the "Escrow Account") within thirty (30) business days after the Execution Date.

25.     Escrow Account.

(a)     An Escrow Account shall be maintained at The Huntington National Bank. Such escrow shall be administered under the Court's continuing supervision and control.

(b)     All payments into the Escrow Account shall, at the direction of Settlement Class Counsel, be invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, U.S. Treasury Money Market Funds or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit. Any interest earned on any of the foregoing shall become part of the Settlement Fund. Toyoda Gosei shall have no responsibility for, or liability in connection with, the Settlement Fund or Escrow Account, including, without limitation, the investment, administration, loss, maintenance, or distribution thereof.

(c)     The Settlement Fund held in the Escrow Account shall be deemed and

12

considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be distributed pursuant to this Agreement or further order(s) of the Court.

(d)     Subject to the limitation set forth in Paragraph 28, reasonable disbursements for expenses associated with providing notice of the settlement to the Settlement Class, expenses for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters may be paid without approval from the Court and shall not be refundable to Toyoda Gosei in the event the Agreement is disapproved, rescinded, or otherwise fails to become effective, to the extent such expenses have actually been expended or incurred. Any refund that becomes owed to Toyoda Gosei may be paid out of the Escrow Account without approval from the Court. No other disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.

(e)     The Escrow Account is intended by the parties hereto to be treated as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end the parties hereto shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Toyoda Gosei, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end. At the direction of Settlement Class Counsel, taxes or estimated taxes shall be paid on any income earned on the funds in the Escrow Account, whether or not final approval has occurred. In the event federal or state income tax liability is finally

13

assessed against and paid by Toyoda Gosei as a result of any income earned on the funds in the Escrow Account, Toyoda Gosei shall be entitled to reimbursement of such payment from the funds in the Escrow Account after approval of the Court, whether or not final approval has occurred. Toyoda Gosei will use reasonable efforts to resist any such assessment or payment. Except as set forth in this Paragraph, Toyoda Gosei and any Releasee, and their respective counsel, shall have no responsibility to make any tax filings related to the Settlement Fund or to pay any taxes or tax expenses with respect thereto, and neither Toyoda Gosei nor any Releasee nor their respective counsel shall have any liability or responsibility for the taxes or expenses incurred in connection with taxation matters.

(f)     If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 9, or if the Action is not certified as a class action for settlement purposes, or if the Agreement is rescinded or otherwise fails to become effective, then all amounts paid by Toyoda Gosei into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 25(d) and 28(a)), shall be returned to Toyoda Gosei from the Escrow Account along with any interest accrued thereon within thirty (30) calendar days of the Court's denial of final approval of the Agreement or Settlement Class.

26.     Exclusions.

Within ten (10) days after the end of the period to request exclusion from the Settlement Class, Settlement Class Counsel will cause copies of timely requests for exclusion from the Settlement Class to be provided to counsel for Toyoda Gosei. With respect to any potential Settlement Class Member who requests exclusion from the

14

Settlement Class, Toyoda Gosei reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Settlement Class Member is a direct purchaser of any allegedly price-fixed Automotive Brake Hoses or has standing to bring any claim. Any potential Settlement Class Member who requests exclusion from the Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other defendants in the Action.

27. The Settlement Amount is subject to reduction based on valid and timely requests for exclusion in accordance with the terms set forth in a separate, confidential letter between Toyoda Gosei and the Settlement Class. The confidential letter may be provided to the Court or to Government Entities (defined below) for *in camera* review upon their request.

28. <u>Payment of Settlement Expenses.</u>

(a) Toyoda Gosei agrees to permit use of a maximum of three hundred thousand US dollars ($300,000 USD) (which limitation is effective up until the final approval of this settlement) of the Settlement Fund towards the costs of notice to the Settlement Class and the costs of administration of the Settlement Fund. The notice and administration expenses are not recoverable by Toyoda Gosei if this Settlement does not become final or is rescinded or otherwise fails to become effective to the extent such funds have actually been expended or the expenses have been incurred for notice and administration costs. Other than as set forth in this Paragraph 28, and in Paragraph 25, Toyoda Gosei shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated

with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

(b)     Within fifteen (15) business days after the Execution Date Toyoda Gosei will supply to Settlement Class Counsel, in an electronic mailing format, the names and addresses of putative Settlement Class Members to whom it or its subsidiaries or affiliates directly sold Automotive Brake Hoses during the Settlement Class Period to the extent they are identifiable through reasonable efforts, and to the extent not previously provided to Settlement Class Counsel. Pursuant to the Order Granting Direct Purchaser Plaintiffs' Motion to Direct Defendants to Identify Settlement Class Members for Mailing Notice of Future Settlements, 2:16-cv-03601 (E.D. Mich.) (Doc No. 11) (August 20, 2018), Toyoda Gosei grants permission to Settlement Class Counsel to e-mail any other Defendants in the MDL Litigation against whom Plaintiff is prosecuting claims relating to Automotive Brake Hoses, notifying them of the existence of a settlement and requesting that those Defendants provide within sixty (60) days, to the extent not previously provided to Settlement Class Counsel, the names and addresses of all persons or entities who directly purchased Automotive Brake Hoses in the United States from them or their affiliate(s) during the Settlement Class period.

E.     The Settlement Fund.

29.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims against the Releasees, and shall have no other recovery against Toyoda Gosei or any Releasee.

30.     After this Agreement becomes final within the meaning of Paragraph 19,

the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraphs 25(d) and 28(a) of this Agreement.

31.     Direct Purchaser Plaintiff and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order and the provisions of Paragraphs 25(d) and 28(a). Toyoda Gosei and the other Releasees shall not be liable for any costs, fees, or expenses of the Direct Purchaser Plaintiff or the Settlement Class's respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court, or authorized by Paragraphs 25(d) and 28, shall be paid out of the Settlement Fund.

32.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)     Subject to Court approval, Direct Purchaser Plaintiff and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all past, current, or future litigation costs and expenses and any award of attorneys' fees. An incentive award to the Direct Purchaser Plaintiff, if approved by the Court, will also be paid solely out of the Settlement Fund. Attorneys' fees and costs and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement

17

or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal or further proceedings on remand, or successful collateral attack, the fee or award of costs and expenses is reduced or reversed, or in the event the Settlement does not become final or is rescinded or otherwise fails to become effective.

(b)    The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and an incentive award for the class representative to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to a request for attorneys' fees and reimbursement of expenses, or an incentive award for the class representative, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(c)    Neither Toyoda Gosei nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel of any Fee and Expense Award in the Action.

F.    Cooperation.

33.    In return for the Release and Discharge provided herein, Toyoda Gosei agrees to pay the Settlement Amount and agrees to use its best efforts to provide satisfactory and timely Cooperation, at its expense, as set forth specifically below, until the later of the entry of the final judgment or judgments with respect to all the remaining

Defendants in the Action or dismissal with prejudice of those Defendants and when such judgments or dismissals become "final" as described in Paragraph 19. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that complies with Toyoda Gosei's obligations to the United States Department of Justice ("DOJ") and/or other government entities, (collectively referred to herein as "Government Entities"). All Cooperation shall be coordinated so as to avoid all unnecessary duplication and expense, shall otherwise be reasonable, and shall not impose undue burden and expense on Toyoda Gosei to the extent practicable.

34. To the extent it has not already done so, within 45 days of the Execution Date, Toyoda Gosei will produce all documents Toyoda Gosei produced to the DOJ as of the Execution Date of this Agreement relating to the DOJ's investigation into alleged competition violations with respect to Automotive Brake Hoses. Thereafter, in the event that Toyoda Gosei produces Documents or provides declarations, affidavits, written responses to discovery, or an attorney proffer (either in response to any discovery request pursuant to the Federal Rules of Civil Procedure or pursuant to any settlement cooperation obligation) to any opposing party in the Action or in any other Automotive Brake Hoses action within 2:16-cv-03600 (a "Relevant Production"), Toyoda Gosei shall provide all such Documents, declarations, affidavits, written discovery responses, or proffers to Settlement Class Counsel no later than making the Relevant Production. In the event that Toyoda Gosei does not substantially complete document discovery to opposing parties as contemplated, Toyoda Gosei will consider in good faith reasonably tailored requests by Direct Purchaser Plaintiff to produce further documents, provided the request would not

19

impose undue burden on Toyoda Gosei. All currently pending discovery requests will be withdrawn, and no further discovery will be sought from any Toyoda Gosei entity other than as provided for in this Agreement.

35.     No later than 90 days after the Court preliminary approves this Agreement, Toyoda Gosei will use its reasonable best efforts to substantially complete the production to Direct Purchaser Plaintiff of pre-existing sales and cost transactional data relating to Automotive Brake Hoses Toyoda Gosei sold directly in the United States ("Transactional Data"), to the extent such data exists and to the extent it is reasonably accessible and is reasonably available in Toyoda Gosei's records. The time period for this production will be January 1, 2002 through December 31, 2014. Toyoda Gosei shall also provide or make available reasonable assistance to Settlement Class Counsel in understanding the transactional data produced, including, if appropriate, a reasonable number of communications with Direct Purchaser Plaintiff's experts and between technical personnel. Notwithstanding any other provision in this Agreement, Settlement Class Counsel agree that they shall maintain all Transactional Data that Toyoda Gosei will produce as "Highly Confidential," as said designation is described in the Protective Order entered in the MDL Litigation (the "Protective Order"), subject to any challenge that any party may make pursuant to the Protective Order and any orders of the Court.

36.     This Agreement does not restrict Settlement Class Counsel from attending and/or participating in any deposition in the MDL Litigation. Toyoda Gosei will not object to Settlement Class Counsel attending and/or participating in depositions of Toyoda Gosei witnesses, to the extent Settlement Class Counsel's participation does not expand the time

allotted for the deposition pursuant to applicable stipulations or orders in the MDL Litigation.

37.     Toyoda Gosei further agrees to make reasonable best efforts to make two (2) persons, whose identities will be subject to a meet-and-confer by Toyoda Gosei and Settlement Class Counsel, available for interviews and depositions, provide declarations or affidavits from each of those same persons in connection with Direct Purchaser Plaintiff's class certification motion or opposition to a motion for summary judgment, and if the case is tried against any remaining defendants, make those persons available to testify at trial.

38.     In addition to its other Cooperation obligations set forth herein, Toyoda Gosei agrees to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence up to fifty (50) of Toyoda Gosei's Documents and the Transactional Data produced or to be produced. Settlement Class Counsel agree to use their best efforts to obtain stipulations that would avoid the need to call Toyoda Gosei witnesses at trial for the purpose of obtaining such evidentiary foundations.

39.     Notwithstanding any other provision in this Settlement Agreement, Toyoda Gosei may assert where applicable the work product doctrine, the attorney client privilege, the joint defense privilege, and the common interest privilege with respect to any Cooperation Materials requested under this Settlement Agreement. If any Documents protected by the attorney client privilege, the work product doctrine, the joint defense privilege, and/or the common interest privilege are accidentally or inadvertently produced, upon notice by Toyoda Gosei of such inadvertent production, these Documents shall

promptly be destroyed and/or returned to Toyoda Gosei's Counsel, and their production shall in no way be construed to have waived in any manner any privilege or protection attached to such Documents. No Document shall be withheld under a claim of privilege if produced to any Government Entity, unless clawed back from that Government Entity pursuant to Rule 502 or otherwise.

40.     Direct Purchaser Plaintiff and Settlement Class Counsel agree they will not use the information provided by Toyoda Gosei or the other Releasees or their representatives under this Agreement for any purpose other than the prosecution of claims against any other defendant in the MDL Litigation, and will use it only in the Action and any other case in the MDL Litigation consistent with the Protective Order and will not use it beyond what is reasonably necessary for the prosecution of claims in the MDL Litigation or as otherwise required by law. All Documents and other Cooperation Materials provided pursuant to this Agreement shall be governed by the terms of the Protective Order as if they had been produced in response to discovery requests, and Toyoda Gosei shall have the right to designate any and all appropriate Documents and other Cooperation Materials as "Highly Confidential" pursuant to the Protective Order, subject to any challenge that any party may make pursuant to the Protective Order and any orders of the Court.

41.     Toyoda Gosei's obligations to provide Cooperation shall not be affected by the releases set forth in this Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Toyoda Gosei's obligations to provide Cooperation under this Agreement shall continue in accordance with the provisions of Paragraph 33.

42.     In the event that this Agreement fails to receive final approval by the Court

as contemplated in Paragraphs 15-19 hereof, including final approval of the "Settlement Class" as defined in Paragraph 9, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Direct Purchaser Plaintiff nor Settlement Class Counsel shall be permitted to introduce into evidence against Toyoda Gosei, at any hearing or trial, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any deposition testimony, any Documents, or any other Cooperation Materials provided by Toyoda Gosei and/or the other Releasees, their counsel, or any individual only made available by Toyoda Gosei pursuant to Cooperation (as opposed to from other sources or pursuant to a court order). This limitation shall not apply to any discovery of Toyoda Gosei which Settlement Class Counsel participates in as part of the MDL Litigation with other parties. Notwithstanding anything contained herein, Direct Purchaser Plaintiff and the Settlement Class are not relinquishing any rights to pursue discovery against Toyoda Gosei in the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 15-19 hereof, including final approval of the "Settlement Class" as defined in Paragraph 9, or in the event that it is terminated by either party under any provision herein.

43.     Toyoda Gosei need not respond to discovery requests made pursuant to the Federal Rules of Civil Procedure from Direct Purchaser Plaintiff or otherwise participate in the Action during the pendency of the Agreement, including responding to any document production and other discovery deadlines ordered in the Action.   This withdrawal of discovery and pending motions shall be without prejudice to reinstating such discovery or

motions if this Agreement fails to receive final approval by the Court or in the event that it is terminated by either party under any provision herein. Other than to enforce the terms of this Agreement, neither Toyoda Gosei nor Direct Purchaser Plaintiff shall file motions against the other, in the Action, during the pendency of the Agreement.

44.     If Settlement Class Counsel believes that Toyoda Gosei has refused to use its best efforts to cooperate under the terms of this Agreement, Settlement Class Counsel shall meet and confer with Toyoda Gosei.  Upon reaching an impasse in any meet and confer, Settlement Class Counsel may seek an Order from the Court compelling Toyoda Gosei to use best efforts. Nothing in this provision shall limit in any way Toyoda Gosei's ability to defend the level of cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered

45.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific Settlement Class definition set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 19 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Toyoda Gosei and Direct Purchaser Plaintiff shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. The provisions of Paragraphs 25(d) and 28(a) of this Agreement shall remain in effect in the event this Agreement is rescinded. Written notice

of the exercise of any such right to rescind shall be made according to the terms of Paragraph 56. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

46.     In the event that this Agreement does not become final as set forth in Paragraph 19, or this Agreement otherwise is terminated pursuant to Paragraph 45, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Toyoda Gosei less only disbursements made, or the amount of obligations already incurred, in accordance with Paragraphs 25(d) and 28(a) of this Agreement. Toyoda Gosei and Direct Purchaser Plaintiff expressly reserve all their respective rights and defenses if this Agreement does not become final.

47.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement in exchange for the payment of the Settlement Amount and Cooperation by Toyoda Gosei.

H.     <u>Miscellaneous.</u>

48.     Toyoda Gosei shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

49.     Toyoda Gosei, Direct Purchaser Plaintiff, and Settlement Class Counsel agree not to disclose publicly or to any other person the terms of this Agreement until this

Agreement is fully executed by all parties.

50.     This Agreement does not settle or compromise any claim by Direct Purchaser Plaintiff or any Settlement Class Member asserted in the Complaint, or any subsequent complaint against any Defendant or alleged co-conspirator other than Toyoda Gosei and the other Releasees. All rights against such other Defendants or alleged co-conspirators are specifically reserved by Direct Purchaser Plaintiff and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Toyoda Gosei and the other Releasees, for sales made by Toyoda Gosei and Toyoda Gosei's alleged illegal conduct are specifically reserved by Direct Purchaser Plaintiff and Settlement Class Members. Toyoda Gosei's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a potential basis for damage claims and shall be part of any joint-and-several liability claims against other current or future Defendants in the Action or other persons or entities other than Toyoda Gosei and the other Releasees. Toyoda Gosei shall not be responsible for any payment to Direct Purchaser Plaintiff other than the Settlement Amount.

51.     The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, interpretation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Direct Purchaser Plaintiff and the Settlement Class, and Toyoda Gosei. This Agreement shall be governed by and interpreted

26

according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Toyoda Gosei will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

52.     This Agreement and the confidential letter agreement between Toyoda Gosei and the Settlement Class, as described in Paragraph 27, constitute the entire, complete and integrated agreement among Direct Purchaser Plaintiff, the Settlement Class, and Toyoda Gosei pertaining to the settlement of the Action against Toyoda Gosei, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Direct Purchaser Plaintiff and Toyoda Gosei in connection herewith. This Agreement and the confidential letter agreement may not be modified or amended except in writing executed by Direct Purchaser Plaintiff and Toyoda Gosei, and approved by the Court.

53.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Direct Purchaser Plaintiff and Toyoda Gosei. Without limiting the generality of the foregoing, upon final approval of this Agreement each and every covenant and agreement made herein by Direct Purchaser Plaintiff or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Toyoda Gosei entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

54.     This Agreement may be executed in counterparts by Direct Purchaser Plaintiff and Toyoda Gosei, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

55.   Neither Direct Purchaser Plaintiff nor Toyoda Gosei shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

56.   Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), as well as a letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

57.   Each of the undersigned attorneys represents that he or she is fully authorized to enter in to the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated: September 17, 2019

Gregory P. Hansel
Randall B. Weill
Michael Smith
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04101
Telephone: (207) 791-3000


Joseph C. Kohn
William E. Hoese

28

55.    Neither Direct Purchaser Plaintiff nor Toyoda Gosei shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

56.    Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), as well as a letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

57.    Each of the undersigned attorneys represents that he or she is fully authorized to enter in to the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated: September 20, 2019

_____
Gregory P. Hansel
Randall B. Weill
Michael Smith
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04101
Telephone: (207) 791-3000

_____
Joseph C. Kohn
William E. Hoese

28

Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700

_William N. London_

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN
LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Eugene A. Spector
William G. Caldes
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Interim Co-Lead Class Counsel and*
*Settlement Class Counsel*

John Taladay
Mark Miller
Heather Souder Choi
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Telephone: (202) 639-7909

*Attorneys for Toyoda Gosei Co., Ltd.,*
*Toyoda Gosei North America Corp., and TG*
*Kentucky, LLC*

29