UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. SEAN F. COX |
| In Re: AUTOMOTIVE BRAKE HOSES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:16-cv-03601-SFC-RSW<br>2:16-cv-14245-SFC-RSW<br>2:19-cv-12720-SFC-RSW |

**ORDER AND FINAL JUDGMENT**

Purchaser Plaintiff Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust (the "Direct Purchaser Plaintiff"), on behalf of itself and the Settlement Class members, and Defendants Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Kentucky, LLC ("Toyoda Gosei"), entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against Toyoda Gosei and the other Releasees. On January 17, 2020, the Court entered an Order granting preliminary approval of the proposed Toyoda Gosei settlement (the "Preliminary Approval and Notice Order"). In the Preliminary Approval and Notice Order, the Court authorized the Direct Purchaser Plaintiff to disseminate notice of proposed settlements with the Hitachi Metals and Toyoda Gosei Defendants, the fairness hearing, and related matters to the Settlement Classes. Notice was provided to the Toyoda Gosei Settlement Class pursuant to the Order and the Court held a fairness hearing on July 16, 2020.

Having considered the Direct Purchaser Plaintiff's Motion for Final Approval of Proposed Settlements with the Hitachi Metals and Toyoda Gosei Defendants, oral argument presented at the fairness hearing, and the complete record in this matter,

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval and Notice Order outlined the form and manner by which the Direct Purchaser Plaintiff would (and subsequently did) provide the Toyoda Gosei Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice via first class mail to members of the Toyoda Gosei Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *Automotive News*; an online banner notice appeared over a 21-day period on [www.AutoNews.com](www.AutoNews.com), the digital version of *Automotive News*; and an Informational Press Release targeting automotive industry trade publications was issued nationwide via PR Newswire's "Auto Wire." Finally, a copy of the Notice was (and remains) posted on-line at [www.autopartsantitrustlitigation.com](www.autopartsantitrustlitigation.com). Proof that mailing, publication and posting conformed with the Preliminary Approval and Notice Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process. It provided due and adequate notice to the Toyoda Gosei Settlement Class.

4. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. The settlement was entered into by the parties in good faith.

6. Final approval of the settlement with Toyoda Gosei is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Toyoda Gosei Settlement

Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Toyoda Gosei Settlement Class's reaction to the settlement, and the result achieved.

7. The Toyoda Gosei Settlement Class provisionally certified by the Court in its Preliminary Approval and Notice Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All individuals and entities who purchased Automotive Brake Hoses in the United States directly from Defendants (or their subsidiaries or affiliates) from November 1, 2005 through August 28, 2017 ("Settlement Class Period"). Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities." The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval and Notice Order.

8. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion.

9. The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Toyoda Gosei Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10. The entities identified on Exhibit "A" are not precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

11. The Action and all Released Claims are hereby dismissed with prejudice with respect to the Releasees and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Releasees. This dismissal applies only in favor of Toyoda Gosei and the other Releasees.

12. The Escrow Account, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14. This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiff or the Settlement Class against any other Defendant or other person or entity other than Toyoda Gosei and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

15. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement made by Plaintiff's Counsel; and (d) the distribution of the settlement proceeds to Settlement Class members.

16. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to Toyoda Gosei.

**IT IS SO ORDERED.**

Dated: July 16, 2020                                    s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge

# EXHIBIT A

AUTOMOTIVE PARTS ANTITRUST LITIGATION, CASE NO. 12-MD-02311, AUTOMOTIVE BRAKE HOSES 2:16-cv-03601-SFC-RSW; 2:16-cv-14245-SFC-RSW; 2:19-cv-12720-SFC-RSW

REQUESTS FOR EXCLUSION FROM THE DIRECT PURCHASER TOYODA GOSEI SETTLEMENT CLASS

| | |
|---|---|
| **TOYOTA**<br>Toyota Motor Engineering & Manufacturing North America, Inc. (TEMA) and all of its wholly owned divisions, subsidiaries and affiliates including but not limited to Toyota Motor Sales U.S.A., Inc., TABC, Inc., Toyota Motor Manufacturing, Mississippi, Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Motor Manufacturing, Northern Kentucky, Inc., Toyota Motor Manufacturing de Baja California, S. de R.L. de C.V., Toyota Motor Manufacturing, West Virginia, Inc., Toyota Motor Manufacturing, Alabama, Inc., Toyota Motor Manufacturing, Texas, Inc., Toyota Motor Manufacturing, Canada, Inc., New United Motor Manufacturing, Inc., Bodine Aluminum, Inc., Canadian Autoparts Toyota Inc., Toyota Motor Manufacturing California, Inc., Toyota Canada, Inc., and any other TEMA entities that were sent notice | |