# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. SEAN F. COX |
| In Re: AUTOMOTIVE BRAKE HOSES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:16-cv-03601-SFC-RSW<br>2:16-cv-14245- SFC-RSW<br>2:19-cv-12720- SFC-RSW |

## ORDER

AND NOW, upon consideration of Direct Purchaser Plaintiff's Motion for an Award of Attorneys' Fees, Litigation Costs and Expenses, and an Incentive Payment to the Class Representative (the "Motion"), the Memorandum in support thereof, and the declarations and exhibits attached thereto, and following a hearing on the Motion, it is hereby ORDERED that the Motion is GRANTED:

1.  The Court has considered the relevant case law and authority and finds that awards of attorneys' fees and reimbursement of litigation costs and expenses to the Direct Purchaser Plaintiff and its counsel are appropriate under Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2).

2.  The Court engages in a two-part analysis when assessing the reasonableness of a petition seeking an award of attorneys' fees. *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 760 (S.D. Ohio 2007). The Court first determines the method of calculating the attorneys' fees: it applies either the percentage of the fund approach or the lodestar method. *Id.*; *Van Horn v. Nationwide Prop. and Cas. Inc. Co.*, 436 Fed. Appx. 496, 498 (6th Cir. 2011).

{00211283 }

3.      The Court has the discretion to select the appropriate method for calculating attorneys' fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In common fund cases, the award of attorneys' fees need only "be reasonable under the circumstances." *Id*. at 516. The Court has also analyzed and weighed the six factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974).

4.      The Court will award fees to Direct Purchaser Plaintiff's counsel using the percentage-of-the fund approach. This method of awarding attorneys' fees is preferred in this district because it eliminates disputes about the reasonableness of rates and hours, conserves judicial resources, and aligns the interests of class counsel and the class members. *Rawlings*, 9 F.3d at 515; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14360, 2015 WL 1498888, at *15 (E.D. Mich. Mar. 31, 2015); *In re Packaged Ice Antitrust Litig.*, 08-MDL-01952, 2011 WL 6209188, at *16 (E.D. Mich. Dec. 13, 2011); *In re Delphi Corp. Sec. Derivative & ERISA Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008); *Cardinal*, 528 F. Supp. 2d at 762 (the Sixth Circuit has "explicitly approved the percentage approach in common fund cases."); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459 *1 (E.D. Tenn. Jun. 30, 2014). The total amount of the settlement funds before the Court is $2,925,000.

5.      The requirements of Fed. R. Civ. P. 23(h)(1) have been satisfied. Notice of the relief requested in the motion before the Court was mailed to 43 potential class members. In addition, a summary notice was published in *Automotive News*. Further, an online banner notice appeared over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*, and an Informational Press Release was issued nationwide via PR Newswire's "Auto Wire," which

targets auto industry trade publications. Finally, the Notice was (and remains) posted online on the website dedicated to this litigation. There were no objections.

6. The Court grants the Direct Purchaser Plaintiff's request for reimbursement of litigation expenses in the amount of $11,575.06.

7. Counsel for the Direct Purchaser Plaintiff request a fee award of 30% of the settlement funds. The 30% fee requested is within the range of fee awards made by courts in this Circuit. *In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015) (awarding one-third of the fund); *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387, at *8 (E.D. Tenn. May 17, 2013); *Skelaxin*, 2014 WL 2946459, at *1; *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *19; *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 528 (E.D. Ky. 2010); *Bessey v. Packer and Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. 2007); *Delphi*, 248 F.R.D. at 502-03; *In re National Century Financial Enterprises, Inc. Investment Litig.*, 2009 WL 1473975 (S.D. Ohio May 27, 2009); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503 (E.D. Mich. 2000).

8. The Court has considered the six *Ramey* factors in weighing a fee award to counsel for the Direct Purchaser Plaintiff: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis – the lodestar cross-check; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. 508 F.2d at 1194-97.

9. The settlement funds total $2,925,000. The settlements in the Direct Purchaser Automotive Brake Hoses case confer a substantial benefit on the members of the Settlement Classes and the value of the settlements is immediate and readily quantifiable.

10. Direct Purchaser Plaintiff's Counsel vigorously and effectively pursued the Direct Purchasers' claims. These efforts included factual investigation, drafting complaints, reviewing and analyzing documents, meeting with the amnesty applicant, negotiating the terms of the settlements and preparing the settlement documents, preparing settlement notices, orders, and the preliminary and final approval motions and briefs, and working with the claims administrator to design and send the class notices and a Claim Form.

11. The settlement amounts constitute a "common fund." It has long been recognized that attorneys who recover a common fund for others are entitled to reasonable attorneys' fees from that fund.

12. The results achieved provide a clear benefit to the Settlement Classes: an immediate and certain payment of $2,925,000 plus accrued interest, less attorneys' fees, litigation costs and expenses, an incentive award to the class representative, and notice and claims administration costs.

13. Direct Purchaser Plaintiff's Counsel are operating on a contingency basis and bore a significant risk of non-payment in pursuing these claims.

14. Antitrust actions are inherently complex. The legal and factual issues are complicated and highly uncertain in outcome. This case is no exception.

15. In the absence of these settlements, Direct Purchaser Plaintiff would have been facing continued litigation against two Defendants. Each of the Settling Defendants agreed to provide cooperation to Direct Purchaser Plaintiff's counsel in pursuing claims against any remaining defendant, should such cooperation become necessary.

16. As the Court has previously found, Interim Lead and Liaison Counsel are qualified to litigate class action antitrust claims, and they have performed their duties skillfully.

17. The reaction of the class members was favorable. The Settlement Classes are composed of sophisticated direct purchasers of Automotive Brake Hoses, including parts suppliers, and manufacturers of motor vehicles. The absence of objections is an indication that an attorneys' fee of 30% is reasonable.

18. As of April 30, 2020, Direct Purchaser Plaintiff's Counsel had devoted $1,004,636 in professional time at their historical billing rates to pursuing this case for the Direct Purchasers.

19. The Court finds that Direct Purchaser Plaintiff's Counsel performed their tasks diligently, efficiently, and reasonably, and that their billing rates and lodestar are appropriate.

20. The Court conducted a lodestar "cross-check" with respect to the attorneys' fee award and determined that the fee requested represents a multiple of .87 on Direct Purchaser Plaintiff's Counsel's lodestar.

21. After considering the appropriate factors, the Court finds that attorneys' fees of 30% are reasonable. However, the Court finds it is appropriate to deduct litigation costs and expenses before applying the 30% to the remainder of the settlement funds. The Court therefore awards attorneys' fees to counsel for the Direct Purchaser Plaintiff in the amount of 30% of the settlement funds after costs and expenses are deducted. Specifically, the Court awards a fee of $874,027.48, which is 30% of the $2,925,000 in settlement funds after deducting the litigation expenses set forth in Paragraph 6.

22. The Court finds that the class representative is deserving of an incentive award in view of the time and effort expended and the burden and inconvenience incurred in furtherance of the case and hereby awards the plaintiff class representative Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust an incentive award of $25,000.00.

23.     Interim Lead Counsel are authorized to allocate among Direct Purchaser Plaintiff's Counsel the attorneys' fees and reimbursed litigation costs and expenses in accordance with each firm's contribution to the prosecution of the case.

IT IS SO ORDERED.

Dated: July 16, 2020                                       s/Sean F. Cox
                                                                                  Sean F. Cox
                                                                                  U. S. District Judge